FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Jan 24, 2019

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DAVID PERRY,<br><br>            Creditor,<br><br>v.<br><br>BRUCE P. KRIEGMAN,<br><br>            Trustee, | NO: 2:18-CV-43-RMP<br><br>ORDER DENYING MOTIONS AND DISMISSING BANKRUPTCY APPEAL FOR LACK OF JURISDICTION |

BEFORE THE COURT is a motion to stay the above-captioned bankruptcy appeal, ECF No. 5, and a "Request for Clarification and Pro Bono Help," ECF No. 12, also styled as a motion. Both documents were filed by Creditor and Appellant David Perry, who is proceeding *pro se*. Trustee Bruce Kriegman, the other party named in Mr. Perry's appeal, *see* ECF No. 1 at 1, did not respond to Mr. Perry's motions. Having reviewed the docket and the relevant law, the Court is fully informed and finds that it lacks jurisdiction to grant Mr. Perry the relief that he requests through his motions and his notice of appeal.

ORDER DENYING MOTIONS AND DISMISSING BANKRUPTCY APPEAL FOR LACK OF JURISDICTION ~ 1

Mr. Perry sought to appeal an order by the United States Bankruptcy Court for the Eastern District of Washington ("Bankruptcy Court") denying an emergency motion for removal of Trustee Kriegman. ECF No. 1. However, through his motion to stay, ECF No. 5, and a "Request [sic] Continuation of Stay," ECF No. 9, filed shortly thereafter, Mr. Perry seeks to stay his appeal while the Bankruptcy Court resolves outstanding issues before it. Mr. Perry informs the Court, "[I]f possible, without prejudicing our case, we do not wish to perfect the "Emergency Motion for Removal of Trustee Kriegman <u>at this time</u>." ECF No. 9 at 2 (emphasis in original). Mr. Perry further relates: "This issue and related issues remain before the U.S. Bankruptcy Court as the issues have also been brought to that Court by other parties"; and "these issues should be resolved first at that level as that is where they arose and where they can be resolved now." ECF No. 9 at 2.

A district court has jurisdiction to resolve appeals from final judgments, orders, and decrees of a bankruptcy court and may exercise its discretion to hear interlocutory appeals where extraordinary circumstances exist. 28 U.S.C. § 158(a); *see also, e.g., Carey v. Johnson Chua*, Case No. 96-4045-TEH, 1996 U.S. Dist. LEXIS 18673, at *2 (N.D. Cal. Dec. 3, 1996). A bankruptcy court's order denying removal of the trustee is not a final order. *SS Farms, LLC v. Sharp (In re SK Foods, L.P.*), 676 F.3d 798, 802 (9th Cir. 2012). Therefore, to find that this interlocutory order may be appealed, the Court must determine that resolving Appellant's challenge to the order will avoid wasted litigation or expense or that the ultimate

determination of the entire litigation otherwise would be advanced. *See In re Roderick Timber Co.*, 185 B.R. 601, 604 (B.A.P. 9th Cir. 1995); *Johnson Chua*, 1996 U.S. Dist. LEXIS 18673, at *2. Interlocutory appeals generally are disfavored. *Johnson Chua*, 1996 U.S. Dist. LEXIS 18673, at *2.

Mr. Perry maintains that it would be best for the litigation to proceed in the Bankruptcy Court, and he filed the appeal out of an abundance of caution to preserve his opportunity to appeal. ECF No. 5 and 9. However, without any issue that Appellant wants this Court to resolve, or any support for the concept that interlocutory appeal will advance the ultimate determination of the litigation, granting leave for interlocutory review is not warranted. Without a basis for interlocutory review, the district court lacks jurisdiction to entertain Mr. Perry's requests for a stay. Thus, the Court concludes that it does not have jurisdiction to grant any of the relief sought by Mr. Perry in his notice of appeal or in his motions.

Accordingly, **IT IS HEREBY ORDERED**:

1. Creditor and Appellant David Perry's motion to stay, **ECF No. 5**, and motion for clarification and appointment of counsel, **ECF No. 12**, are **DENIED**.

2. This matter is **dismissed** for lack of subject matter jurisdiction.

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order, provide copies to Mr. Perry and counsel, and **close the case**.

**DATED** January 24, 2019.   *s/ Rosanna Malouf Peterson*
ROSANNA MALOUF PETERSON
United States District Judge

ORDER DENYING MOTIONS AND DISMISSING BANKRUPTCY APPEAL FOR LACK OF JURISDICTION ~ 3